

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                                             **609-858-9360**
**Judge, United States Bankruptcy Court**

October 3, 2025

*All Interested Parties*

                        Re:    Re: *Deere & Company v. Steve Santini*
                               Adv. Pro. No. 24-01478 (MBK)
                               Case No. 24-11451 (MBK)

Dear Mr. Santini and Counsel:

      Before the Court is the motion of Debtor/Defendant, Steve Santini (the "Debtor" or "Defendant"), seeking, *inter alia*, (i) an extension of time to file a late notice of appeal, (ii) to amend the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and/or (iii) relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* ECF No. 23. Deere & Company ("Deere" or, the "Plaintiff") filed opposition. ECF No. 26. The Debtor thereafter submitted a reply via email. ECF No. 28.

      The Court has reviewed the parties' submissions. For the reasons set forth below, the Debtor's Motion is **DENIED**.

**I. Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.[1]

**II. Background and Procedural History**

On June 28, 2024, Deere commenced this adversary proceeding against Defendant, seeking a determination of nondischargeability pursuant to 11 U.S.C. § 523(a), alleging that the Debtor had willfully damaged collateral securing Deere's claim. ECF No. 1. Default was entered against the Debtor on August 5, 2024. ECF No. 6. Plaintiff thereafter moved for entry of a default judgment, and a proof hearing was scheduled for October 7, 2024. ECF No. 9.

In September 2024, the Debtor submitted correspondence to the Court advising that his prior attorney had withdrawn and requesting court-appointed counsel. ECF No. 13. On September 24, 2024, the Court adjourned the proof hearing from October 7, 2024, to November 4, 2024, to afford the Debtor additional time to secure representation. ECF No. 16.

On October 9, 2024, the Debtor filed another letter, which the Court construed as a motion to vacate default. ECF No. 17. In light of this submission, the proof hearing was further adjourned to November 21, 2024, and then to December 12, 2024, at the request of Plaintiff's counsel. *See Docket*, generally; *see also* ECF No. 18. On December 12, 2024, the Court again continued the matter, rescheduling the proof hearing to February 6, 2025.

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact they too are adopted as such.

The proof hearing went forward on February 6, 2025. The Debtor participated at that hearing. At the conclusion of the hearing, the Court directed Plaintiff to file a certification supporting the claimed damages and expressly afforded the Debtor the opportunity to respond. Plaintiff filed its certification on February 18, 2025. ECF No. 19. On February 19, 2025, the Debtor submitted a reply email.

After considering these submissions, the Court entered a Final Judgment on March 6, 2025, in the amount of $19,700 and determined such judgment to be nondischargeable. ECF No. 21. A Notice of Judgment was served on the Debtor at the address listed in his bankruptcy petition. ECF No. 22. Despite the Debtor's participation in the case, no timely notice of appeal was filed.

On August 5, 2025—five months later—the Debtor submitted correspondence which the Court reviewed and treated as a motion to extend time to file a late notice of appeal, or alternatively, a motion to amend judgment under Federal Rule of Civil Procedure 59, or for relief from judgment under Federal Rule of Civil Procedure 60.[2] ECF No. 23. On September 16, 2025, Plaintiff filed its Brief in Opposition, arguing that the Debtor's motion was untimely under Fed R. Bankr. P. 8002, and Fed. R. Civ. P. 59, and that no grounds existed for relief under Fed. R. Civ. P. 60. ECF No. 26. On September 26, 2025, the Debtor submitted an email in response to Plaintiff's opposition, which the Court added to the docket. ECF No. 28.

### III.   Arguments of the Parties

**The Debtor's Position**

The Debtor asserts that he was deprived of a fair opportunity to litigate. He contends that his former counsel abandoned him mid-case, leaving him disadvantaged. He further argues that he requested court-appointed counsel, which was denied, resulting in an unequal trial. The Debtor

---

[2] Fed. R. Civ. P. 59 and 60 are made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023 and 9024, respectively.

also maintains that Plaintiff's counsel intentionally delayed proceedings to prevent him from appealing. He insists that the judgment is unlawful because (i) nondischargeable debts are "illegal," (ii) the contract with Deere did not reference nondischargeability, and (iii) the judgment improperly included attorneys' fees. He further argues that he never received timely notice of the judgment, and therefore could not pursue an appeal within the required time frame

**The Respondent's Position**

Deere & Company counters that the Debtor's request is untimely and meritless. Deere emphasizes that under Fed. R. Bankr. Pro. 8002(a)(1), any notice of appeal must be filed within 14 days of judgment, with excusable neglect permitted only up to a total of 30 days. The Debtor's request—filed five months after judgment—falls well outside this deadline and cannot be revived. Deere further argues that Fed. R. Civ. P. 59(e) requires a motion within 28 days of judgment; Debtor's request is therefore untimely. Finally, Deere asserts that Fed. R. Civ. P. 60(b) provides no basis for relief, as the Debtor identifies no mistake, newly discovered evidence, or fraud, and the judgment is not void. Instead, his arguments are legal challenges to nondischargeability that are foreclosed by statute. Deere stresses that the Court duly considered and rejected these arguments previously, and the Debtor's failure to update his address cannot serve as grounds for reopening final judgment.

IV. **Discussion**

   a. **The Debtor's Attempt to File a Late Appeal is Untimely**

Bankruptcy Rule 8002(a)(1) requires that a notice of appeal be filed within 14 days after entry of the judgment. The period may be extended upon motion filed within that time, or within 21 days thereafter upon a showing of excusable neglect for an additional 21 days. Fed. R. Bankr. P. 8002(d)(1) & (3). Here, the Debtor's request came more than five months after judgment—well

beyond the 35-day outer limit. As the Third Circuit has made clear, courts lack authority to enlarge the time beyond that prescribed. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997) (citing *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir.1985)); *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011). Accordingly, the request to file a late notice of appeal is untimely and must be denied.

### b. The Motion to Alter or Amend Judgment Under Rule 59(e) is Untimely

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) must be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). The Debtor's filing—over five months later—is plainly untimely. Courts may construe an untimely Rule 59(e) motion as a Rule 60(b) request, but even under that standard, the Debtor falls short.

### c. There is No Basis Upon Which to Grant Rule 60(b) Relief

Rule 60(b) authorizes relief for limited reasons, such as mistake, newly discovered evidence, fraud, voidness, satisfaction of the judgment, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). The Debtor identifies none of these.[3] His claims—denial of appointed counsel, challenge to nondischargeability, and objection to attorneys' fees—lack legal foundation. Appointment of counsel is not a right in civil bankruptcy proceedings. *Mallard v. United States District Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Nondischargeability arises by statute under 11 U.S.C. § 523, not by contract. With respect to attorneys' fees, the Court notes that the underlying Loan Agreement between the parties expressly provides that the borrower must

---

[3] To the extent the Debtor is seeking to make an argument under Rule 60(b) for fraud—or an equitable argument—there is no evidence that Deere's counsel engaged in any improper conduct. Counsel was under no obligation to provide the Debtor with a copy of the judgment. While, the proof hearing was adjourned to accommodate Counsel's schedule, this did not prejudice the Debtor in any way. Indeed, the Debtor was afforded similar accommodations, including treatment of his emails/letters as motions, acceptance of pleadings via email—contrary to local rule—and adjournment of hearings to afford the Debtor more time to obtain counsel and/or submit pleadings properly via regular mail. Accordingly, the record reflects that the Debtor was afforded a full and fair opportunity to present his arguments in these proceedings, and there is no equitable basis for relief under Rule 60(b).

reimburse the lender for "all losses, claims, damages and expenses of any kind or nature whatsoever incurred in connection with the Equipment or this Contract and/or the enforcement of remedies hereunder including, without limitation, repossession, repair and collection costs, damage awards, *attorneys' fees* and court and bankruptcy fees and costs." ECF No. 1, Ex. A. Thus, the award of attorneys' fees was consistent with the terms of the parties' agreement. The Debtor has therefore not demonstrated any grounds warranting relief from judgment under Rule 60(b).

### d. Notice of Judgment

The record reflects that notice of the judgment was mailed to the Debtor's address of record. The fact that the mail was later returned undeliverable is attributable to the Debtor's failure to update his address as required by Fed. R. Bankr. Pro. 4002(a)(5). Thus, the Debtor's lack-of-notice argument provides no basis for relief.

### V. Conclusion

The Debtor's request is untimely under Rules 8002 and 59(e), and he has not satisfied the limited grounds for relief under Rule 60(b). Accordingly, the motion is **DENIED WITH PREJUDICE**. An appropriate Order will be entered.

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Cc: Filed on CM/ECF